IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MOSES BROWN, on behalf of himself and all similarly situated individuals, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| REFUSE MATERIALS, INC, and DONALD POPE, II. | ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action
File No.

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff Moses Brown (hereinafter "Plaintiff" or "Brown"), by and through undersigned counsel, on behalf of himself and all similarly situated individuals (collective allegations only as to Count I – Fair Labor Standards Act Overtime Claim), and files this Complaint against Defendants Refuse Materials, Inc. ("RMI") and Donald Pope, II. ("Pope") and shows the following:

### I.    Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.  As to Count I, Plaintiff brings this action as the representative party for all similarly situated employees of

Defendants.

2.

This action seeks declaratory relief, along with liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff and similarly situated individuals in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA"). Plaintiff also seeks damages under Georgia law for his battery claim against Defendant Pope.

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 29 U.S.C. § 1367.

4.

Defendant Refuse Materials, Inc. is a Georgia corporation, and resides in this district.  Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

5.

Defendant Donald Pope, II, co-owner of RMI in charge of day to day operations of the business, is a resident of the State of Georgia.

### III.   Parties and Facts

6.

Plaintiff is a resident of the State of Georgia.

7.

Plaintiff was employed by Defendants from approximately February 2009 to January 13, 2013, as a "Floor Installer," and in that capacity he worked on numerous commercial floor installation and remodeling jobs throughout Georgia, and other states.

7.

Plaintiff was an "employee" of Defendants, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

8.

Pope had the power to hire and fire Brown and members of the putative class, i.e. other Floor Installers, and, in fact, did terminate Plaintiff.

9.

Pope supervised and controlled work schedules and conditions of employment for Brown and members of the putative class.

10.

Pope determined the rate and method of pay for Brown and members of the putative class.

11.

During the last three years, Brown's primary job duty while employed by Defendants was to perform manual labor, specifically commercial floor installation and remodeling jobs.

12.

During the last three years, while employed by Defendants as a Floor Installer, Defendants paid Brown a flat per day or per job rate, without regard to the number of hours Brown worked, e.g. he would be offered, prior to starting a job, $2500 to complete a floor installation, and the floor installation could take between two to six, 80-plus hour, work weeks to complete.

13.

During the last three years, while being paid on a per job basis, Brown regularly worked in excess of 40 hours in given work weeks, without receiving any

overtime compensation for hours he worked in excess of 40 hours in such weeks.

14.

During the last three years, while employed by Defendants as a Floor Installer, Plaintiff regularly worked in excess of (40) hours in given work weeks and was not paid the overtime wage differential.

15.

Defendants are private employers engaged in interstate commerce, and their gross revenues exceed $500,000.00 per year.

15.

Defendants are "employers" within the definition of the FLSA, § 29 U.S.C. §203(d).

16.

Defendants are governed by and subject to the FLSA, 29 U.S.C. §§ 204 and §207.

### IV. Collective Action Allegations

17.

Plaintiff brings Count I of this Complaint on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals are individuals who currently or formerly have been

employed by Defendant(s) as "Floor Installers" during the last three (3) years, and whose primary job duty includes installing and/or remodeling floors (hereinafter the "Collective Class").

18.

During the last three years, Plaintiff and the Collective Class routinely worked in excess of (40) hours per workweek without receiving overtime compensation for hours they worked over 40 hours in given work weeks while performing the duties of a Floor Installer.

19.

Defendants were aware that Plaintiff and the Collective Class were working in excess of 40 hours in given workweeks without receiving overtime compensation.

20.

During the last three years, Defendants failed to keep accurate time records for all hours worked by Plaintiff and the Collective Class.

21.

During the last three years, the primary duty of Floor Installers was the performance of non-exempt work, specifically manual labor involved in commercial floor installation and remodeling.

22.

During the last three years, Defendants paid Brown and the Collective Class a flat per day or per job rate, without regard to the number of hours Brown and the Collective Class worked.

23.

During the last three years, while being paid on a per job basis, Brown and the Collective Class regularly worked in excess of 40 hours in given work weeks, without receiving any overtime compensation for hours worked in excess of 40 hours in such weeks.

24.

During the last three years, Plaintiff and the Collective Class regularly worked in excess of (40) hours in given work weeks and were not paid the overtime wage differential.

25.

Floor Installers are entitled to overtime pay for the hours they worked over (40) in given workweeks. Defendants' practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendants' unlawful practices, Plaintiff and the Collective Class have suffered lost wages.

## Count I – (Against both Defendants)

## Violation of the Overtime Wage Requirement of the Fair Labor Standards Act (Plaintiff and the Collective Class)

26.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

27.

Defendants have violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff and the Collective Class worked in excess of (40) hours in given workweeks.

28.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

29.

Defendants suffered and permitted Plaintiff and the Collective Class to routinely work more than (40) hours per week without overtime compensation.

30.

Defendants' actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

31.

Defendants knew, or showed reckless disregard for the fact that it failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

32.

Defendants failed to accurately report, record and/or preserve records of hours worked by Plaintiff and the Collective Class, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

33.

Plaintiff and the Collective Class were subject to the same unlawful policy of Defendants, i.e. Defendants' use of a per job pay method without paying the

overtime differential for hours Plaintiff and the Collective Class worked in excess of 40 hours in given workweeks.

34.

Defendants' violations of the FLSA were willful and in bad faith.

35.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff and the Collective Class are entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

**Count II (only as to Defendant Pope)**

**Battery**

36.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

37.

On January 13, 2013, Brown was present at Pope's place of business, RMI's office, along with a number of other Floor Installers. Brown and the other installers were at Pope's office in preparation for driving out to a commercial floor

installation job.

38.

While at Pope's office, Brown had a conversation with Pope's (minor – approximately six years old) son, in which the child told Plaintiff that his father was going to take Brown's "mollo" baseball hat and cut the bill off the hat.

39.

"Mollo" is a Spanish slang term that is the equivalent of the term "nigger," and Pope used the term frequently in the presence of Brown and other Floor Installers.

40.

After words were exchanged between Pope and his son regarding Brown's hat, Pope approached Brown and demanded that he hand over the hat, ostensibly so that Pope could destroy it.

41.

In response to Pope's demand for the hat, Brown stated, "You're not taking my hat," and following Brown's verbal refusal, Pope physically attacked Brown and sought to ply the hat from him.

42.

During the attack, Pope ripped Brown's tee shirt and necklace/chain, and

caused scratch marks on Brown's body. Pope also forcibly took Brown's baseball cap and then bent the bill of the hat.

43.

Immediately after attacking Plaintiff, Pope terminated him.

44.

By attacking Plaintiff in January 2013, Defendant Pope touched Plaintiff in a harmful and offensive manner without permission or other justification. In doing so, Defendant Pope committed battery.

45.

As a direct and proximate result of Defendant Pope's battery of Plaintiff, Brown has suffered severe emotional distress and physical injury.

46.

Defendant Pope is liable for all general and special damages caused by his battery of Plaintiff.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment against Defendants, jointly and severally, and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§

206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Grant conditional certification and provide notice of this action to all similarly situated individuals;

(E) Enter judgment against Defendant Pope on Brown's battery claim and award Plaintiff general and special damages;

(F) Grant Plaintiff leave to add additional state law claims if necessary; and

(G) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 26th day of February, 2013.

**BARRETT & FARAHANY, LLP**

/s/ V. Severin Roberts
Amanda A. Farahany
Georgia Bar No. 646135
Benjamin F. Barrett

                                        Georgia Bar No. 039586
                                        V. Severin Roberts
                                        Georgia Bar No. 940504
                                        Attorneys for Plaintiff Moses Brown

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
vsroberts@bf-llp.com
amanda@bf-llp.com
ben@bf-llp.com

## CERTIFICATE OF FONT

    I hereby certify that the foregoing Plaintiff's Complaint was prepared in Times New Roman 14-point font in conformance with Local Rule 5.1.C.

                                        /s/ V. Severin Roberts
                                        Attorney for Plaintiff Moses Brown