## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| **MOSES BROWN, on behalf of himself**<br>**And all similarly situated individuals,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO.** |
| | : | **7:13-CV-0037-HL** |
| **REFUSE MATERIALS, INC., and**<br>**DONALD POPE, II.** | : | |
| | : | |
| **Defendants.** | : | |

## ANSWER AND DEFENSES OF DEFENDANTS,
## AND COUNTERLAIM OF DEFENDANT POPE

COME NOW Defendants Refuse Materials, Inc. and Donald Pope, II, by and through their undersigned counsel, and hereby respond to Plaintiff Moses Brown's Complaint as follows:

### 1.

Defendants admit that Plaintiff brings this action.  Defendant denies all other allegations.

### 2.

Defendants admit that Plaintiff's Complaint asserts an alleged cause of

action under the FLSA. Defendants expressly deny, however, that they have violated the overtime requirements of the FLSA, or that Plaintiff is entitled to the recovery of overtime compensation, liquidated damages, attorney's fees or costs. Defendants expressly deny that Plaintiff can maintain this action on a collective basis. Defendant admits that Plaintiff asserts a claim under Georgia law, but Defendants expressly deny that Plaintiff is entitled to damages.  Except as expressly admitted herein, Defendants deny each and every remaining allegation set forth in Paragraph 2 of the Complaint.

3.

Defendants admit the first sentence of numbered paragraph 3.  Defendants deny that supplemental jurisdiction exists under 29 U.S.C. 1367, as Defendant's State law claims are not so related to claims in the FLSA action that they form part of the same case or controversy under Article III.

4.

Defendants admit that venue is proper in the Middle District of Georgia and that Defendant Refuse Materials does business in the Northern District of Georgia. Defendants deny all other allegations of numbered paragraph 4.

5.

Defendants admit the allegations in numbered paragraph 5.

2

6.

Defendants admit the allegations in numbered paragraph 6.

7.

Defendants admit the allegations in numbered paragraph 7.

8.

Defendants admit that Defendant Pope had the power to hire and fire Plaintiff as well as any other employees of Defendant Refuse Materials. Defendants deny the remaining allegations of numbered paragraph 8.

9.

Defendants admit that Defendant Pope scheduled jobs for floor installers, and that crew leaders such as Plaintiff Brown controlled work schedules in conjunction with their respective work crews.  Defendants deny the remaining allegations of numbered paragraph 9.

10.

Defendants admit the allegations of numbered paragraph 10.

11.

Defendants admit the allegations of numbered paragraph 11.

12.

Defendants admit that Defendant Refuse Materials paid floor installers on a piece rate system.  Defendants deny that numbered paragraph 12 describes a typical floor installation.  Defendants deny the remaining allegations of numbered paragraph 12.

13.

In response to numbered paragraph 13, Defendants admit that there were weeks in which Defendant Brown worked in excess of 40 hours per week.  Defendants deny that Defendant Brown was not properly compensated for all work pursuant to the Fair Labor Standards Act and deny that Plaintiff Brown is entitled to overtime compensation.  Defendants deny the remaining allegations of numbered paragraph 13.

14.

In response to numbered paragraph 14, Defendants admit that there were weeks in which floor installers worked in excess of 40 hours per week.  Defendants deny that floor installers were not properly compensated for all work pursuant to the Fair Labor Standards Act and deny that its floor installers are entitled to overtime compensation.  Defendants deny the remaining allegations of numbered paragraph 14.

15.

Defendant Refuse Materials, Inc. admits that it is a private employer engaged in interstate commerce, and that its gross revenues exceed $500,000.00 per year.  Defendants deny the remaining allegations of numbered paragraph 15.

Second Numbered Paragraph15.

Defendants admit the allegations of second numbered paragraph 15.

16.

Defendants admit the allegations of numbered paragraph 16.

17.

Defendants admit that Plaintiff purports to bring this action as a collective action. Defendants deny that this matter properly is a collective action pursuant to the FLSA, as the floor installers employed by Defendant Refuse Materials, Inc. are exempt from the overtime provisions of the Fair Labor Standards Act.

18.

Defendants admit that Plaintiff and other floor installers would on occasion work in excess of 40 hours per workweek.  Defendants deny that Plaintiff and other floor installers were entitled to overtime compensation.  Defendants deny the remaining allegations of numbered paragraph 18.

19.

Defendants admit that they were aware that Plaintiff and other floor installers would on occasion work in excess of 40 hours per workweek. Defendants deny that Plaintiff and other floor installers were entitled to overtime compensation.  Defendants deny the remaining allegations of numbered paragraph 19.

20.

Defendants admit that Defendant Refuse Materials has not kept accurate time records for all hours worked for each employee throughout the three years preceding the filing of this suit.  Defendants deny the remaining allegations of numbered paragraph 20.

21.

Defendants deny the allegations of numbered paragraph 21.

22.

Defendants admit that during the last three years, Plaintiff and other floor installers were paid on a piece rate basis.  Defendants deny the remaining allegations of numbered paragraph 22.

23.

Defendants admit that Plaintiff and other floor installers would on occasion work in excess of 40 hours per workweek while being paid on a piece rate basis. Defendants deny that Plaintiff and other floor installers were entitled to overtime compensation.  Defendants deny the remaining allegations of numbered paragraph 23.

24.

Defendants admit that Plaintiff and other floor installers would on occasion work in excess of 40 hours per workweek while being paid on a piece rate basis. Defendants deny that Plaintiff and other floor installers were entitled to overtime compensation.  Defendants deny the remaining allegations of numbered paragraph 24.

25.

Defendants deny the allegations of numbered paragraph 25.

26.

In response to numbered paragraph 26, Defendants incorporate their previously asserted responses to the paragraphs referenced therein.

27.

Defendants deny the allegations of numbered paragraph 27.

28.

Numbered paragraph 28 is not an allegation of fact to which a response is required.  To the extent a response is required, the allegations are denied.

29.

In response to numbered paragraph 29, Defendants deny that Plaintiff or other floor installers are entitled to overtime compensation.  Defendants otherwise deny the allegations of numbered paragraph 29.

30.

Defendants deny the allegations of numbered paragraph 30.

31.

Defendants deny the allegations of numbered paragraph 31.

32.

Defendants deny the allegations of numbered paragraph 32.

33.

Defendants deny the allegations of numbered paragraph 33.

34.

Defendants deny the allegations of numbered paragraph 34.

35.

Defendants deny the allegations of numbered paragraph 35.

36.

In response to numbered paragraph 36, Defendants incorporate their previously asserted responses to the paragraphs referenced therein.

37.

Defendant Pope admits the allegations of numbered paragraph 37.

38.

Defendant Pope denies the allegations of numbered paragraph 38.

39.

Defendant Pope denies the allegations of numbered paragraph 39.

40.

Defendant Pope denies the allegations of numbered paragraph 40.

41.

Defendant Pope denies the allegations of numbered paragraph 41.

42.

Defendant Pope denies the allegations of numbered paragraph 42.

43.

Defendant Pope denies the allegations of numbered paragraph 43.

44.

Defendant Pope denies the allegations of numbered paragraph 44.

45.

Defendant Pope denies the allegations of numbered paragraph 45.

46.

Defendant Pope denies the allegations of numbered paragraph 46.

47.

Defendants deny that Plaintiff, and/or any purported Collective Class member, is entitled to any form of relief, including but not limited to those set forth in the Complaint's Prayer for Relief Paragraph, subparts a - g inclusive. Defendants further deny any violations or wrongdoing of any kind and, therefore, deny that Plaintiff and/or any purported Collective Class member is entitled to any relief, at equity or at law.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent not already specifically addressed above, Defendants deny each and every allegation not expressly admitted herein.

### SECOND DEFENSE

Plaintiff's claim fails in whole or in part to state a claim upon which relief may be granted by this Court.

## THIRD DEFENSE

Defendants did not willfully violate the FLSA because any acts or omissions giving rise to this action were reasonable and not undertaken with reckless disregard as to whether such actions or omissions violated the FLSA.

## FOURTH DEFENSE

Plaintiff's claim and those on behalf of others purportedly similarly situated are barred, in whole or in part, because Plaintiff cannot satisfy the requirements to maintain this suit as a collective action under 29 U.S.C. § 216.

## FIFTH DEFENSE

To the extent that Plaintiff's, or any purported opt-in Plaintiffs', claims are barred by the applicable statute(s) of limitations, such statute is pled as a bar to his or their actions.

## SIXTH DEFENSE

Defendants cannot be liable for liquidated damages because any acts or omissions giving rise to this action were undertaken in good faith and with reasonable grounds for believing that such actions were in compliance with the FLSA.

**SEVENTH DEFENSE**

Defendants are not liable under the FLSA because any acts or omissions giving rise to this action were undertaken in good faith and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices of the Administrator of the Wage and Hour Division of the United States Department of Labor.

**EIGHTH DEFENSE**

To the extent one or more of the exemptions provided for in 29 U.S.C. § 213 apply to Plaintiff's claim, the claim is barred, in whole or in part.

**NINTH DEFENSE**

The claim set forth in the Complaint under the FLSA is barred, in whole or in part, by the doctrine of payment, because Plaintiff was properly compensated for all hours worked in accordance with the FLSA.

**TENTH DEFENSE**

Plaintiff's claim is barred or reduced by his failure to exercise reasonable diligence to mitigate his alleged damages. Alternately, any claim for damages must be reduced by any pay, benefits or other compensation earned by Plaintiff during the periods in question.

## ELEVENTH DEFENSE

Plaintiff may not maintain this action as a collective action because he is not similarly situated to other individuals in the group(s) or class(es) he purports to represent.

## TWELFTH DEFENSE

Plaintiff is barred from recovery because some or all alleged time at issue is de minimis.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to compensation for some or all of the hours allegedly worked to the extent the activities at issue are excluded from compensability.

WHEREFORE, Defendants respectfully request that, at the conclusion of this action, the Court grant each of them the following relief:

1.   Dismiss Plaintiff's claim in its entirety and with prejudice;

2.   Deny each and every prayer for relief identified in Plaintiff's Complaint; and

3.   Award against each Plaintiff, each Defendant's reasonable attorneys' fees, expenses and costs associated with defending this action, along with such other and further relief as the Court may deem proper.

**Defendants demand a trial by jury as to all issues so triable.**

## COUNTERLCLAIM

COMES NOW Defendant Donald Pope and files this Counterclaim against Plaintiff Moses Brown, showing the Court as follows:

1.

This Court has personal jurisdiction over the plaintiff, and venue is proper for purposes of this counterclaim.

2.

The allegations in the Complaint that Defendant Pope committed a battery against Plaintiff are entirely false and were made with the specific intent to harm Defendant Pope.

3.

As a result of Plaintiff's defamatory statements, Defendant Pope has suffered damages to his reputation.

## COUNT ONE – DEFAMATION

4.

Paragraphs 1 – 3 of this Counterclaim are incorporated herein by reference as if replead in their entirety.

5.

Plaintiff made false, misleading statements and non-privileged statements to third parties about Defendant Pope, including the allegation that Defendant Pope committed a battery against Plaintiff.

6.

The statements made by Plaintiff impute to Defendant Pope a crime punishable by law.

7.

The recipients of the statements by Plaintiff understood the statements to be defamatory.

8.

As a direct and proximate result of the statements by Plaintiff, Defendant Pope has been damaged in an amount to be proven at trial.

9.

As a direct and proximate result of the statements by Plaintiff, Defendant Pope is entitled to an award of compensatory damages in an amount to be proven at trial.

## COUNT TWO - PUNITIVE DAMAGES

10.

Paragraph nos. 1 through 9 of this Counterclaim are incorporated herein by reference as if restated in their entirety.

11.

Plaintiff acted with a specific intent to do harm to Defendant Pope.

12.

Plaintiff's conduct shows willful misconduct, malice, wantonness, oppression, or that entire want of care raises the presumption of conscious

indifference to consequences that such an award of punitive damages against Plaintiff are warranted.

13.

As a direct and proximate result of Plaintiff's conduct, Defendant Pope respectfully requests that the jury award a judgment which includes punitive damages, in such amount as the jury deems just.

**COUNT THREE - ATTORNEYS' FEES**

14.

Paragraph nos. 1 through 13 of this Counterclaim are incorporated herein by reference as if replead in their entirety.

15.

Plaintiff has been has put Defendant to trouble and expense, and/or has acted in bad faith within the meaning of O.C.G.A. §13-6-11.

16.

Defendant is entitled to recover from Plaintiff its attorneys' fees, costs, and

other expenses of litigation, as specified by O.C.G.A. § 13-6-11.

WHEREFORE, Defendant respectfully requests that this Court:

1.     Grant Judgment on Counts One and Two of this Counterclaim in an amount which includes punitive damages, in such amount as the jury deems just;

2.     Award Defendant his reasonable attorney's fees, costs, and expenses pursuant to O.C.G.A. § 13-6-11 or otherwise; and

3.     Award any and all other relief to Defendant that this Court may deem necessary and proper.

**Defendant Pope demands a jury trial as to all issue so triable.**

Respectfully submitted this April 5, 2013.

/s/ Charles E. Cox, Jr.
Ga. Bar No. 192305
COUNSEL FOR DEFENDANTS

CHARLES E. COX, JR., LLC
Attorney at Law
P.O. Box 67
3464 Vineville Avenue
Macon, Georgia 31202-0067
(478) 757-2990 phone
(478) 757-2991 facsimile
charles@cecoxjr.com

*/s/ Robert Edward Walker*
Ga. Bar No. 732820
COUNSEL FOR DEFENDANTS

WALTERS, PUJADAS & WALKER, PC
113 South Cherry Street
Ocilla, GA 31774
(229) 468-7472 phone
(229) 468-9022
robw@mchsi.com

## CERTIFICATE OF SERVICE

On 5 April 2013, I electronically filed the foregoing ANSWER AND DEFENSES AND COUNTERCLAIM with the Office of the Clerk, using the CM/ECF system. Notification of this filing will be served electronically by the Clerk on all counsel of record.

Respectfully submitted,

*/s/ Charles E. Cox, Jr.*
Ga. Bar No. 192305
COUNSEL FOR DEFENDANTS

CHARLES E. COX, JR., LLC
Attorney at Law
P.O. Box 67
3464 Vineville Avenue
Macon, Georgia 31202-0067
(478) 757-2990 phone
(478) 757-2991 facsimile
charles@cecoxjr.com

20