**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| MOSES BROWN,<br><br>     Plaintiff,<br><br>v.<br><br>REFUSE MATERIALS, INC. and DONALD POPE, II | Civil No.7:13-cv-37 (HL) |

**SCHEDULING & DISCOVERY REPORT**

The parties held a Rule 26(f) conference on May 3, 2013. In accordance with the Court's Rules 16 and 26 Order dated April 8, 2013, the parties to this action jointly developed a scheduling and discovery report containing deadlines and limitations as follows:

**I.   Nature of the Case**

This is a Fair Labor Standards Act of 1938 case brought by Plaintiff, Moses Brown, against his former employer, Refuse Materials, Inc. and the co-owner of that company, Donald Pope, II. Plaintiff Brown states that he and other employees worked in excess of (40) hours per week and was not compensated for any time over the forty (40) hours. Plaintiff Brown also states that Defendant Pope committed the act of battery against him on his last day of work with Defendant. Defendants deny that Plaintiff Brown and other employees of Refuse Materials, Inc. were improperly compensated. Defendant Pope denies the allegation that he committed an act of battery against Plaintiff Brown and has filed a counterclaim for defamation, punitive damages and attorney's fees. Plaintiff Brown amended his complaint to include a claim of retaliation under the FLSA.

**II.   Counsel of Record:**

   For Plaintiffs:

      V. Severin Roberts

>Amanda A. Farahany
>Benjamin F. Barrett
>V. Severin Roberts
>Barrett & Farahany, LLP
>1100 Peachtree Street, Suite 500
>Atlanta, Georgia 30309
>(404) 214-0120 (telephone)
>(404) 214-0125 (facsimile)
>vsroberts@bf-llp.com
>Amanda@bf-llp.com
>ben@bf-llp.com

For Defendant and Third-Party Plaintiff Action Stop, LLC

>Charles E. Cox, Jr.
>Charles E. Cox, Jr., LLC
>P.O. Box 67
>Macon, GA  31202-0067
>(478) 757-2990 (telephone)
>(478) 757-2991 (facsimile)
>charles@cecoxjr.com

>Robert Edward Walker
>Walters, Pujadas & Walker, PC
>113 South Cherry Street
>Ocilla, Georgia 31774
>(229) 468-7472 (telephone)
>(229) 468-9022 (facsimile)
>robw@mchsi.com

**III.   Discovery**

   A.   <u>Initial Disclosures</u>

   The parties make their Rule 26(a) initial disclosures no later than May 17, 2013, which is no later than 14 days after the parties' Rule 26(f) conference.

   B.   <u>Time for Discovery</u>

   The time for discovery in this case shall expire on October 30, 2013, that being no more than 180 days after the parties' Rule 26(f) conference.  The parties are authorized to begin discovery once the Rule 26(f) conference is held. The parties may require an additional discovery period for good cause, e.g. if this action is conditionally certified and proceeds collectively.

No discovery request may be served unless the response to the request can be completed within the time specified by the rules and within the discovery period. Except by written consent of the parties first filed with the Court, no deposition shall be scheduled beyond the discovery period.

If a party believes that more time for discovery is needed, an appropriate motion may be filed setting forth good cause for an extension.

C. Subjects of Discovery

1. Whether Plaintiffs are exempt under the Motor Carrier Exemption.
2. Plaintiffs hours worked and regular rate of pay.
3. Whether Defendant committed a battery.
4. Whether Plaintiff has falsely accused defendant of committing a battery.
5. Whether Defendant Pope has filed a frivolous counterclaim and whether he has unlawfully retaliated against Brown in violation of the FLSA.

D. Electronically Stored Information

The parties do not anticipate any issues with electronically stored information or the forms that it may be produced.

E. Privilege Claims

The parties are do not anticipate any issues regarding privilege claims but reserve the right to address these at the time that there is an issue.

F. Changes to Discovery Limitations

The parties do not believe at this time that any changes should be made on the limitations of discovery imposed under the Federal rules or Local Rules in this case but reserve the right to address this at a later date if it becomes an issue for either party.

F. Other Discovery Matters

The parties do not anticipate any discovery problems or issues at this time.

H. Expert Witnesses

1. Designation of Experts

Any party who desires to use the testimony of an expert witness will be required to designate the expert according to the following schedule:

>Plaintiff must disclose the identity of any expert witness on or before August 1, 2013, that being no more than ninety (90) days after the parties Rule 26(f) conference.
>
>The defendant must disclose the identity of any expert witness on or before September 2, 2013, that being no more than 120 days after the parties' Rule 26(f) conference.
>
>If the defendant designates an expert where the plaintiff has not previously designated an expert, the plaintiff shall have 30 days from the designation of the defendant's expert within which to designate a rebuttal expert witness.
>
>The designation of any expert witness must be accompanied by a written report prepared and signed by the expert in accordance with Rule 26(a)(2)(B)
>
>Any supplemental expert reports must be served on or before October 10, 201, that being no more than 160 days after the parties' Rule 26(f) conference. No additional supplemental reports may be disclosed or provided after this date without leave of Court.

    2.    <u>Expert Reports</u>

>Any disclosure or designation of an expert witness must be accompanied by a written report prepared or signed by the expert in accordance with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

**IV.**    **Motion Deadlines:**

    A.    <u>Motions to Amend the Pleadings or to Join Parties</u>

>All Motions seeking to amend the pleadings or to join parties or claims to the current action shall be filed on or before September 30, 2013.

    B.    <u>Dispositive Motions</u>

>The parties agree that all Dispositive Motions will be filed no later than December 16, 2013, that being no more than 45 days after the expiration of discovery in this case.

    C.    <u>Daubert Motions</u>

>All <u>Daubert</u> motions must be filed on or before November 29, 2013, that being no more than 30 days after the expiration of discovery in this case.
>
>The parties are instructed not to file <u>Daubert</u> motions as part of dispositive motions.

V.  **Other Matters**

   A.  The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitations on the number or requests to admit that can be propounded.

   B.  The parties are limited by the Local Rules to 25 interrogatories (L.R. 33.1), 10 requests for production (L.R. 34), and 15 requests for admissions (L.R. 36). The parties may not exceed these limits without filing a motion and receiving written permission from the Court.

   C.  All applications to the Court for orders shall be presented in the form of written motions filed pursuant to the Local Rules. Letters, faxes and telephone calls will not be accepted in lieu of a properly filed motion unless requested or otherwise authorized by the Court.

   D.  Any request for leave of absence should be filed in the form of a motion. The Court will not consider notices filed pursuant to Uniform Superior Court Rule 16.

   E.  Do not send courtesy copies of letters, motions, or briefs to the Court.

   F.  This Scheduling and Discovery Report must be filed as a .pdf document.

   G.  This schedule shall not be modified except upon a showing of good cause and leave by the Court.

.

   B.  Dispositive Motions

      The parties agree that all Dispositive Motions will be filed no later than December 16, 2013, that being no more than 45 days after the expiration of discovery in this

VI.  **Certification of the Parties:**

The parties certify by their signatures below that they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

This ___ day of _____, 2013.

| | |
|---|---|
| /s/ V. Severin Roberts_____ | /s/ Charles E. Cox, Jr._____ |
| V. Severin Roberts | Charles E. Cox, Jr. |
| Barrett & Farahany, LLP | Georgia Bar No. 192305 |
| 1100 Peachtree Street, Suite 500 | Charles E. Cox, Jr., LLC |
| Atlanta, Georgia 30309 | P.O. Box 67 |
| (404) 214-0120 (telephone) | Macon, GA  31202-0067 |
| (404) 214-0125 (facsimile) | (478) 757-2990 (telephone) |
| vsroberts@bf-llp.com | (478) 757-2991 (facsimile) |
| | charles@cecoxjr.com |
| | Attorney for Defendants |

The Court, having reviewed the information contained in the Scheduling and Discovery Report completed and filed jointly by the parties to this action, hereby **ADOPTS** the parties' plan and **MAKES IT THE ORDER OF THE COURT.**

**SO ORDERED** this 21st day of __May_____, 2013.

                                                s/Hugh Lawson
                                                Hugh Lawson
                                                United States District Judge