IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **MOSES BROWN, on behalf of himself and all similarly situated individuals,**<br><br>    Plaintiff,<br><br>    v.<br><br>**REFUSE MATERIALS, INC., and DONALD POPE, II,**<br><br>    Defendants. | Civil Action No. 7:13-cv-37 (HL) |

## ORDER

Before the Court is Plaintiff Moses Brown's Motion for Conditional Collective Action Certification and Issuance of Notice to Putative Class Members (Doc. 4-1). For the reasons stated below, the Motion is granted.

### I.   BACKGROUND

Plaintiff Moses Brown is a former floor installer employed by Defendants Refuse Materials, Inc. ("RMI") and Donald Pope, II (collectively, "Defendants"). Plaintiff filed this suit under the Fair Labor Standards Act on behalf of himself and other similarly situated floor installers, alleging that Defendants failed to pay the floor installers overtime compensation for hours worked in excess of forty hours in given work weeks. Plaintiff has filed this Motion for Conditional Collective Action Certification to begin the process of pursuing class action litigation against Defendants.

II.  **DISCUSSION**

Under the Fair Labor Standards Act ("FLSA"), a collective action "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives consent in writing[.]" 29 U.S.C. § 216(b). The opt-in process under the FLSA is different than the opt-out process that governs class procedure under Federal Rule of Civil Procedure 23. In a Rule 23 class action, "each person who falls within the class definition is considered to be a class member and is bound by the judgment, favorable or unfavorable, unless he has opted out." Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1216 (11th Cir. 2001).[1] In contrast, under the FLSA, a putative plaintiff must affirmatively opt in to the class proceeding if he or she wishes to become a class member and wishes to be bound by the outcome of the action. Id.

For an opt-in action, the Eleventh Circuit has suggested a two-tiered procedure for district courts to follow in determining whether to certify a collective action under § 216(b). Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233,

---

[1] Hipp involved a collective action brought under the Age Discrimination and Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.* However, the ADEA incorporates the FLSA's collective action mechanism, and therefore, Hipp applies in both contexts. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1259 n. 36.

1259-60 (11th Cir. 2008). The first part of the procedure is the "notice" stage,[2] in which a district court is charged with determining whether conditional certification of a class should be granted and other similarly situated employees should be notified of the action. Id. at 1260. This step takes place at the beginning of a case and the district court's decision about conditional certification is usually based only on the pleadings and any affidavits which have been submitted. Pittman v. Comfort Systems USA, 8:12-cv-2142, 2013 WL 525006 (Moody, J.) (M.D. Fla. Feb. 13, 2013). The Eleventh Circuit has adopted a "fairly lenient standard" at this notice stage. Id. (citing Anderson v. Cagle's, Inc., 488 F.3d 945, 953 (11th Cir. 2007)). "The district court's broad discretion at the notice stage is thus constrained, to some extent, by the leniency of the standard for the exercise of discretion." Id. This lenient standard is attributed to the fact that, in most cases, discovery has not begun at all or has only recently begun and the record is still undeveloped.

The second step in the certification process is triggered by an employer's motion for decertification. Morgan, 551 F.3d at 1261. This step typically occurs later in the litigation, when the district court has a much more developed record than it had at the notice stage, and the court can therefore make a more formal determination about the certification of the class. Id.

---

[2] This first part is also called the "conditional certification" stage because the decision about class certification may be reexamined when more information about the opt-in plaintiffs is available. Morgan, 551 F.3d at 1261.

The present case is currently in the notice stage of the certification process, and consequently, this Court is faced with determining whether conditional certification should be granted so that other similarly situated employees receive notification about the suit. To earn conditional certification at this preliminary stage, Plaintiff bears the burden of demonstrating that there is a reasonable basis to believe that: (1) there other employees who are similarly situated with respect to their job requirements and pay provisions, and (2) there are other employees of the defendant who desire to opt in. These two elements are discussed more fully below.

### A. **Similarly Situated Requirement**

Neither the FLSA nor Eleventh Circuit case law provides a clear definition of "similarly situated." Todd v. Daewon America, Inc., 3:11-cv-1077, 2013 WL 557859 (Thompson, J.) (Feb. 13, 2013) (citing Morgan, 551 F.3d at 1260). Instead, courts have recognized that whether employees are similarly situated depends on the type of violation alleged. Id. In FLSA cases, courts look to whether job requirements and pay provisions are comparable to determine if employees are similarly situated. Morgan, 551 F.3d at 1262-63; *see also* Dybach v. State of Fla. Dept. of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991). To prove that employees' job requirements are similar at the notice stage, "plaintiffs need show only 'that their positions are similar, not identical' to the positions held by the putative class members." Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th

Cir. 1996) (citing Sperling v. Hoffman-LaRoche, 118 F.R.D. 392, 407 (D.N.J. 1988)).

In the present case, the Court must determine whether floor installers who worked for Defendants are similarly situated under § 216(b). Plaintiff claims that the floor installers are similarly situated for four reasons: (1) they were paid in the same manner; (2) they performed the same primary duty of manual labor, specifically commercial floor installation and remodeling; (3) they regularly worked in excess of forty hours in given work weeks without being paid overtime compensation; and (4) they were subjected to the same unlawful payroll policy of Defendants. Defendants argue that the floor installers worked varied hours and schedules, and thus, Defendants contend that the floor installers' job requirements are distinguishable and they are not similarly situated.

The Court finds that Defendants' argument misses the mark. The Northern District of Georgia has previously ruled that in making the determination about whether employees are similarly situated "variations in specific duties, job locations, working hours, or the availability of various defenses" should not be considered at the notice stage. Scott v. Heartland Home Fin., Inc., 1:05-cv-2812-TWT, 2006 WL 1209813 at *2 (Thrash, J.) (N.D. Ga. May 3, 2006). This Court agrees with the Northern District. The notice stage is not the time to make factual determinations about the employees who wish to proceed in a collective action. Those issues are better addressed after the completion of discovery and during

the second stage of the certification determination when there is more information available.

Though the floor installers in this case may have worked at different times or on different schedules, the Court finds that Plaintiff has alleged sufficient facts to show that the floor installers are a similarly situated class at this early notice stage.

### B. Desire of Others to Opt In

Before conditionally certifying a class for notice purposes, a plaintiff is responsible for demonstrating that there are other potential plaintiffs who wish to participate in the action. Dybach, 942 F.2d at 1567-68 (stating that "the district court should satisfy itself that there are other employees of the [defendant] who desire to 'opt in'"). In this case, one floor installer, Chris Doctor, has already completed a form indicating his consent to join (Doc. 3-1). Defendants argue that Doctor's consent form is insufficient to meet the burden of demonstrating that other employees wish to opt in, but this Court disagrees. Plaintiff has shown a reasonable basis for his claim that other floor installers wish to opt in to this action.

District courts have allowed conditional class certification when only one employee consents to opt in. See Santiago v. Mid-South Painting, Inc., No. 11-21289-CIV, 2011 WL 3418252 at *4 (Altonaga, J.) (S.D. Fla. 2011) (conditionally certifying a class where only the plaintiff submitted his own declaration about opting in to the action); Guerra v. Big Johnson Concrete Plumbing, Inc., No. 05-

6

14237, 2006 WL 2290512 at *4 (Lynch, Magistrate J.) (S.D. Fla. 2006) (conditionally certifying a collection action class where only one other employee besides the plaintiff had opted in). The Court notes that Plaintiff has alleged that the number of floor installers is small, and thus, one employee who has opted in in addition to Plaintiff is not necessarily an insignificant number. Further, "courts within this circuit have determined that evidence of a common payroll policy or scheme is sufficient to establish[ ] there [are] other employees desiring to opt in …." Santiago, 2011 WL 3418252 at *4 (internal citations and quotations omitted). Plaintiff in this case has alleged that the floor installers were paid in the same way, performed the same duties, and worked similar hours in a given week, all of which support a finding that there are likely other employees who wish to opt in.

The Court finds that Plaintiff has presented sufficient evidence to demonstrate that there are other floor installers who would wish to opt in to the litigation. Thus, this element has been satisfied.

III.   **CONCLUSION**

In sum, the Court finds that under the Eleventh Circuit's lenient approach at this early notice stage, it is appropriate to grant conditional certification. Plaintiff's motion is granted and notice shall go out to other similarly situated employees who may wish to opt in to the suit. Defendants did not raise any objection to the proposed notice submitted by Plaintiff (Doc. 4-5), and thus, the notice is approved for distribution.

**SO ORDERED**, this 30th day of May, 2013.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebrs