IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**MOSES BROWN**, on behalf of himself and all similarly situated individuals,

 Plaintiffs,

v.

**REFUSE MATERIALS, INC. and DONALD POPE, II**,

 Defendants.

Civil Action No. 7:13-CV-37 (HL)

ORDER

Before the Court is the parties' Joint Motion to Approve Settlement and Incorporated Memorandum of Law (Doc. 37). The parties ask the Court to approve the proposed settlement of the Plaintiffs' claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, which they concede is a compromise of what the Plaintiffs believe they are entitled to under FLSA. The Court is required to undertake a fairness review of the proposed settlement. *See* 29 U.S.C. § 216(b); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Before ruling on the motion to approve the settlement, the Court orders that the parties amend their motion and supply the following information no later than January 28, 2014:

1. The amount of damages that Plaintiff Moses Brown as well as the opt-in plaintiffs originally claimed to be entitled to, with the monetary figures delineated for each individual plaintiff;

2. The number of hours the Plaintiffs worked for which they allege they have not been adequately compensated, as well as the salary or hourly wage at which Plaintiffs allege they should have been paid, with both the hours and wages delineated for each individual plaintiff;

3. Whether the opt-in plaintiffs Ronnie Stanley, Luciano Cibrian, William McAlpin, and Gregory Johnson have been informed of this proposed settlement;

4. Why the proposed settlement amount for Plaintiff Brown is so much greater than the proposed amounts for opt-in plaintiffs Stanley, Cibrian, and McAlpin, as well as why Johnson is paid nothing under the proposed settlement;

5. Why the motion to approve the settlement should not be denied since the settlement contains a general clause that would release Defendants from more than the FLSA claims (Doc. 37-2, pp. 4-5, ¶4), *see* Hogan v. All-State Beverage Co., Inc., 821 F. Supp. 2d 1274, 1282-83 (M.D.Ala. 2011);

6. Why the motion to approve the settlement should not be denied since the settlement contains a confidentiality clause (Doc. 37-2, p. 5, ¶¶5, 6(D)), *see* Hogan, 821 F. Supp. 2d at 1282-83;

7. Whether the attorney's fees for Plaintiffs' counsel were negotiated separately from the settlement of the Plaintiffs' claims and without regard for what the Plaintiffs were paid; and

8. An explanation of the attorney's fees including a break-down of the number of hours Plaintiffs' counsel worked on this matter, the tasks performed, and the hourly rate at which counsel seeks to be paid, *see* Patel v. Shree Jalarm, Inc., 2013 WL 5175949, at *4-7 (S.D.Ala. Sept. 13, 2013) (calculating the "lodestar" for attorney's fees); Bivens v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008); Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Counsel should provide the Court with an explanation for why the hourly rate and the number of hours worked are reasonable.

If the parties believe that a hearing would allow them to better respond to these issues and facilitate the Court's fairness review, they are encouraged to request one.

**SO ORDERED**, this the 15th day of January, 2014.

                                                          ***s/Hugh Lawson***  
                                                        **HUGH LAWSON, SENIOR JUDGE**

scr