**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **MOSES BROWN**, on behalf of himself and all similarly situated individuals,<br><br>　　Plaintiff,<br><br>v.<br><br>**REFUSE MATERIALS, INC. AND DONALD POPE, II**,<br><br>　　Defendants. | Civil Action No. 7:13-CV-37 (HL) |

**ORDER**

Before the Court is the parties' Second Joint Motion to Approve Settlement and Incorporated Memorandum of Law (Doc. 39). The motion is granted and the settlement is approved. This case involves claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, based on Defendant's alleged failure to properly compensate Plaintiff Moses Brown and certain opt-in plaintiffs for all hours worked. The parties have now moved the Court for its approval of their compromise and settlement of this action. In accordance with the Court's duty to perform a fairness review of the terms of any proposed settlement under the FLSA, the Court has analyzed the parties' proposed settlement and finds it to be fair and reasonable. *See* 29 U.S.C. § 216(b); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).

The Court acknowledges that this Order is a judicial approval of a reasonable compromise, not a finding, conclusion, or reflection of any admission of a violation of the FLSA, willful, intentional, or otherwise. The Court has reviewed the parties' Second Joint Motion along with its exhibits and the proposed Settlement Agreement (Doc. 37-2). The Court is further aware of investigation by the parties of the facts underlying the lawsuit, and of negotiations between the parties. The Court is of the opinion that there are *bona fide* disputes over application of the relevant provisions of the FLSA. In light of these legitimate disputes, the Court is of the opinion that the parties' Settlement Agreement reflects a fair and reasonable resolution of these *bona fide* disputes. Based on additional information provided to the Court, the Court is also of the opinion that the proposed payment of attorneys' fees is reasonable, and that the attorneys' fees were negotiated separately from and without regards to the settlement of the Plaintiffs' claims. *See* Bivens v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). Consequently, the Court orders as follows:

1. The Court denies the parties' original Joint Motion to Approve Settlement and Incorporated Memorandum of Law (Doc. 37);

2. The Court grants the parties' Second Joint Motion;

3. The Court approves the form of the Settlement Agreement (Doc. 37-2); however, the Court strikes any provisions of the Settlement Agreement

providing for a release of claims other than the FLSA claims. The Court further finds that the Settlement Agreement and the terms thereof are not confidential and the parties have no obligation to maintain any confidentiality with respect to the settlement;

4. The Court approves the monetary distribution as described in the Settlement Agreement and orders such payments to be made accordingly; and

5. The claims of opt-in plaintiff Gregory Johnson are dismissed without prejudice.

**SO ORDERED**, this the 3rd day of February, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

scr